# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OUSSANA SAHIBI,

Plaintiff,

v.

GONZALES, et al.,

Defendants.

Case No. 1:15-cv-01581 DLB

ORDER REQUIRING PLAINTIFF TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON COGNIZABLE CLAIMS **OR** FILE AN AMENDED COMPLAINT

THIRTY-DAY DEADLINE

Plaintiff Oussama Sahibi ("Plaintiff"), a state inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 16, 2015. He names Kern Valley State Prison ("KVSP") Correctional Officers Borjas Gonzales, Howard Smith, Brandon Cope, Mario Lozano and Stan, and California Correctional Institution ("CCI") Correctional Lt. Crounse as Defendants.[1]

## A. SCREENING STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on November 4, 2015.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B. ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at CCI.

Plaintiff is a practicing Muslim and was observing Ramadan in July 2013.

On July 9, 2013, Defendant Gonzales stopped at Plaintiff's cell and asked if he would be eating dinner. Plaintiff said that he was fasting for Ramadan. Defendant Gonzales asked him if he

///

was serious, and if he was "some kind of towelhead or something." ECF No. 1, at 6. Plaintiff ignored the comment.

On July 12, 2013, Defendant Gonzales stopped at Plaintiff's cell again and asked if he was still fasting. Plaintiff said that he was, and Defendant Gonzales laughed and repeated his 'towelhead' comment. Plaintiff asked him to keep his racist comments to himself, or he'd file a staff complaint. Defendant Gonzales became angry and said, "You're not going to do shit you fucking terrorist. Nobody cares about a staff complaint." ECF No. 1, at 6.

On July 13, 2013, Plaintiff's cell was skipped when inmates were being released for Ramadan services. Plaintiff yelled out to the control booth officer that he had been skipped. Plaintiff saw that Defendant Gonzales was in the control booth, laughing with the control booth officer. The control booth officer implied that Defendant Gonzales was responsible for not releasing Plaintiff.

Plaintiff was released ten minutes later. Defendant Gonzales opened the control booth window and yelled, "Why you crying for towelhead?" ECF No. 1, at 6. Plaintiff said that he would be filing a staff complaint and exited the building.

As he exited and headed towards the chapel, Defendant Gonzales and his partner, Officer Perez, came down from the control booth. Defendant Gonzales ordered Plaintiff to stop and get his "terrorist ass" back and say that to his face. ECF No. 1, at 7.

Plaintiff placed his hands on the wall in an attempt to diffuse the situation, as Defendant Gonzales was becoming aggressive. Defendant Gonzales ordered Plaintiff to put his arms behind his back. When Plaintiff did so, Defendant Gonzales yanked it up and forcefully shoved Plaintiff's face into the wall. Plaintiff turned around and began to physically defend himself.

Plaintiff was immediately subdued by Officers Dewery, Gonzales and Perez. He was repeatedly hit in the face, pepper-sprayed, tackled to the ground and placed in handcuffs.

While Plaintiff was face down on the ground and in handcuffs, Defendant Gonzales and other officers held Plaintiff down while Defendant Smith began striking Plaintiff with his baton, ultimately breaking his left leg.

Plaintiff was then placed in leg restraints, turned onto his back and held down while Defendant Gonzales beat and punched Plaintiff into "momentary unconsciousness." ECF No. 1, at 7.

Plaintiff was forced up onto his feet while he screamed that he leg was broken and that he could not walk. Officer Diaz said, "well, we'll drag your ass, then." ECF No. 1, at 8. Plaintiff was ultimately dragged one hundred yards and denied immediate medical treatment. He was told he had to be cleared by the IGI unit first.

Defendants Stan, Lozano and Cope arrived with a wheelchair, and restrained Plaintiff and placed him in it. They took Plaintiff to a back room, and as soon as the door closed, Defendant Stan began striking Plaintiff in the back of his head and ear while Defendants Lozano and Cope punched him in the face. Plaintiff was knocked unconscious and needed stiches. Defendant Stan told Plaintiff, "you bleed like a bitch." ECF No. 1, at 8.

After the beating, Defendant Cope told Plaintiff that they were going to do a video interview. He threatened Plaintiff not to say "shit" or they'd come find him, validate him, and make his life a living hell. ECF No. 1, at 8.

Sometime later, Plaintiff received medical treatment and was taken by ambulance to the Delano Regional Medical Center. He received stitches on his face and had an x-ray that revealed a broken left fibula that was protruding through his skin.

On July 15, 2013, Plaintiff underwent surgery to repair his leg at San Joaquin Community Hospital.

On July 22, 2013, upon returning from the hospital, Plaintiff was placed in Ad-Seg. He was served with a Rules Violation Report for assaulting staff.

On August 27, 2013, Plaintiff was transferred to CCI Ad-Seg without a disciplinary hearing.

On November 14, 2013, Plaintiff appeared before Defendant Crounse for his disciplinary hearing. He asked Defendant Crounse to call Defendants Gonzales, Smith, Stan, Cope and Lozano. Defendant Crounse told Plaintiff that he would not be calling anyone, "as staff reports gave a full account of the incident." ECF No. 1, at 9. Plaintiff pointed out that Defendant

Gonzales' report was missing, which was critical as he was the primary officer. Plaintiff was ignored and subsequently found guilty without being afforded a meaningful hearing.

Based on these facts, Plaintiff alleges a violation of the Eighth and Fourteenth Amendments, as well as assault and battery under California law.

## C. DISCUSSION

### 1. Eighth Amendment- Excessive Force

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff states an Eighth Amendment claim against Defendants Gonzales, Smith, Cope, Lozano and Stan based on events occurring after Plaintiff was placed in handcuffs.

### 2. Fourteenth Amendment- Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the

evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

Plaintiff states a due process claim against Defendant Crounse based on the denial of his right to call witnesses at his disciplinary hearing.

3. State Law Claim- Assault and Battery

The Government Claims Act ("Act") requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural requirement of the Act, but is an element of a plaintiff's cause of action. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. Id.

Here, although Plaintiff alleges that he filed staff complaints and an appeal related to his disciplinary hearing, he does not allege compliance with the Act. While he may ultimately be able to state an assault and battery claim, he must affirmatively allege compliance with the Act before he can proceed.

Plaintiff therefore fails to state a claim for assault and battery.

**D. CONCLUSION AND ORDER**

Plaintiff states the following claims: (1) violation of the Eighth Amendment against Defendants Gonzales, Smith, Cope, Lozano and Stan; and (2) violation of the Fourteenth Amendment against Defendant Crounse. He does not state an assault and battery claim under California law.

Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130-31; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607.

However, if Plaintiff does not wish to file an amended complaint and he is agreeable to proceeding only on his cognizable Eighth Amendment claim against Defendants Gonzales, Smith, Cope, Lozano and Stan, and his Fourteenth Amendment claim against Defendant Crounse, he may file a notice informing the Court that he does not intend to amend and he is willing to proceed only on his cognizable claims. The Court will then provide Plaintiff with the requisite forms to complete and return so that service of process may be initiated on Defendants Gonzales, Smith, Cope, Lozano, Stan and Crounse. The remaining claim will be dismissed.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of respondeat superior, Iqbal, 556 U.S. at 676-77; Starr, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

///

       b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only against Defendants Gonzales, Smith, Cope, Lozano and Stan for violation of the Eighth Amendment, and Defendant Crounse for violation of the Fourteenth Amendment; and

3. If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated: **February 9, 2016**

/s/ Dennis L. Beck
UNITED STATES MAGISTRATE JUDGE