UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OUSSAMA SAHIBI,

        Plaintiff,

  v.

BORJAS GONZALES, et al.,

        Defendants.

CASE NO. 1:15-cv-01581-LJO-MJS (PC)

**ORDER GRANTING LEAVE TO FILE SURREPLY**

**(ECF No. 45)**

**FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

**(ECF No. 31)**

**FOURTEEN (14) DAY OBJECTION DEADLINE**

## I.    Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendants Brandon Cope, Borjas Gonzales, Mario Lozano, Howard Smith, and Stan, and on a Fourteenth Amendment due process claim against Defendant Crounse.

Before the Court is Defendant Gonzales, Lozano, Smith, Stan, and Cope's July 1, 2016 motion for judgment on the pleadings.[1] (ECF No. 31.) Plaintiff filed an opposition

---

[1] Defendant Crounse did not join in the motion.

1   (ECF No. 35), and Defendants filed a reply (ECF No. 37). Plaintiff sought leave to file a

2   surreply and submitted a surreply therewith. (ECF No. 45.) Defendants opposed the

3   request and responded to the surreply. (ECF No. 47.) These matters are submitted.

4   Local Rule 230(*l*).

5   ## II.      Motion for Leave to File Surreply

6   Absent leave of court, no briefing on Defendant's motion is permitted beyond the

7   opposition and reply. However, the Court may allow a surreply where "a valid reason for

8   such additional briefing exists." Thornton v. Cates, No. 1:11–cv–01145–GSA–PC., 2013

9   WL 2902846, at *1 (E.D. Cal. June 13, 2013); Hill v. England, No. CVF05869RECTAG,

10  2005 WL 3031136, *1 (E.D. Cal. Nov. 8, 2005).

11  Here, the Court finds valid reason for allowing the surreply. The law at issue on

12  this motion has changed since the parties submitted their briefs. Nettles v. Grounds, No.

13  12-16935, 2016 WL 4072465, at *3 (9th Cir. July 26, 2016). Plaintiff's surreply addresses

14  a matter pertinent to this change in law. Furthermore, Defendants have responded to the

15  surreply and therefore are not prejudiced by it.

16  Plaintiff's motion for leave to file a surreply will be granted. Plaintiff's surreply and

17  Defendants' response is considered herein.

18  ## III.     Plaintiff's Claims

19  Plaintiff's claims arise out of a July 13, 2013 incident that occurred while he was

20  incarcerated at California Correctional Institution. Plaintiff claims that, on that date, he

21  was released from his cell for Ramadan services when Defendant Gonzales began to

22  make disparaging remarks toward Plaintiff. An altercation occurred between Plaintiff and

23  Defendant Gonzales. Plaintiff was subdued and handcuffed. Plaintiff alleges various acts

24  by Defendant Gonzales and others were excessive. Based on these allegations, the

25  Court has permitted Plaintiff to proceed on an excessive force claim against Defendants

26  Gonzales, Smith, Cope, Lozano and Stan. Such claim, however, is limited to

27  Defendants' actions after Plaintiff was handcuffed.

28

1   Plaintiff received a Rules Violation Report ("RVR") in relation to this incident. On

2   November 14, 2013, he appeared before Defendant Crouse for his disciplinary hearing.

3   He asked Defendant Crouse to call Defendants Gonzales, Smith, Stan, Cope and

4   Lozano as witnesses. Defendant Crouse told Plaintiff that he would not be calling

5   anyone, "as staff reports gave a full account of the incident." Plaintiff was found guilty of

6   the Rules Violation.

7   The Court has permitted Plainitff to proceed on a Fourteenth Amendment claim

8   against Defendant Crouse based on the denial of his right to call witnesses at his

9   disciplinary hearing.

10  **IV.    Legal Standard – Motion for Judgment on the Pleadings**

11  A Rule 12(c) motion for judgment on the pleadings may be brought at any time

12  after the pleadings are closed, but within such time so as not to delay trial. Fed. R. Civ.

13  P. 12(c). Judgment on the pleadings is appropriate when, even if all material facts in the

14  pleading are accepted as true, the moving party is entitled to judgment as a matter of

15  law. Hal Roach Studios, Inc. V. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir.

16  1989).

17  **V.    Discussion**

18  Defendants contend that they are entitled to judgment on the pleadings because

19  Plaintiff's claims are barred by the favorable termination rule, also known as the Heck

20  bar, on two grounds: first, Plaintiff's claims are inconsistent with the guilty finding

21  resulting from his disciplinary proceeding for Battery on a Peace Officer Resulting in

22  Serious Injury; and second, Plaintiff's claims are inconsistent with his felony conviction

23  for assault on a peace officer engaged in the performance of his duties.

24  **A.    Heck Bar**

25  The exclusive method for challenging the fact or duration of Plaintiff's confinement

26  is by filing a petition for a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78

27  (2005). See 28 U.S.C. § 2254(a). Such claims may not be brought in a section 1983

28  action. Nor may Plaintiff seek to invalidate the fact or duration of his confinement

3

1   indirectly through a judicial determination that necessarily implies the unlawfulness of the

2   State's custody. <u>Wilkinson</u>, 544 U.S. at 81. A section 1983 action is barred, no matter the

3   relief sought, if success in that action would necessarily demonstrate the invalidity of

4   confinement or its duration. <u>Id.</u> at 81-82; <u>Heck v. Humphrey</u>, 512 U.S. 477, 489 (1994)

5   (unless and until favorable termination of the conviction or sentence, no cause of action

6   under section 1983 exists).

7       **B.**    **Analysis**

8           **1.**    **Disciplinary Proceedings**

9       Plaintiff is a prisoner serving a life sentence. He contends that the loss of credits

10  resulting from his disciplinary proceeding will have no effect on the duration of his

11  confinement. Defendants offer no evidence to the contrary. Given these facts, and

12  pursuant to recent Ninth Circuit case law, Plaintiff's section 1983 claims do not fall within

13  the "core" of habeas corpus relief and therefore are not barred by his disciplinary

14  proceedings. <u>Nettles v. Grounds</u>, No. 12-16935, 2016 WL 4072465, at *3 (9th Cir. July

15  26, 2016). Defendants concede as much. (ECF No. 47.)

16      Accordingly, Defendants' motion for judgment on the pleadings on this ground

17  should be denied.

18          **2.**    **Felony Conviction**

19      Defendants argue that allowing Plaintiff to proceed against them in this action

20  would call into question the validity of Plaintiff's conviction for assault on a peace officer

21  engaged in the performance of his duties. Defendants only argument in this regard is

22  statutory.

23      Plaintiff was convicted under California Penal Code § 245(c). This provision

24  punishes certain assaults on a peace officer "engaged in the performance of his or her

25  duties." According to Defendants, an officer utilizing excessive force is not "engaged in

26  the performance of his or her duties." Therefore, an excessive force claim is absolutely

27  barred where an inmate has been convicted under Penal Code § 245(c). In support,

28  Defendants rely on case law and CDCR regulations.

It is true that, under California law, a person may not be convicted under Penal Code § 245(c) if the involved officer utilized excessive force during the encounter. See Price v. Ollison, No. CV 07-569 DSF JC, 2011 WL 1883999, at *13 (C.D. Cal. Feb. 25, 2011), report and recommendation adopted as modified, No. CV 07-569 DSF JC, 2011 WL 1883008 (C.D. Cal. May 17, 2011); People v. White, 101 Cal. App. 3d 161, 164 (1980) ("[W]here excessive force is used in making what otherwise is a technically lawful arrest, the arrest becomes unlawful and a defendant may not be convicted of an offense which requires the officer to be engaged in the performance of his duties."); Susag v. City of Lake Forest, 94 Cal. App. 4th 1401, 1409 (Cal. Ct. App. 2002) (holding that excessive force by a police officer is not a lawful performance of his or her duties). Thus, Plaintiff may not proceed on any claims relating to whether Defendants used excessive force at the time while the offense (assault on a peace officer) occurred.

Here, however, Plaintiff has been allowed to proceed only on those allegations occurring after he was handcuffed by the involved officers. A conclusion that Defendants used excessive force after the attack by Plaintiff and after Plaintiff was handcuffed does not undermine Plaintiff's conviction. See Hooper v. County of San Diego, 629 F.3d 1127, 1134 (9th Cir. 2011) (A "conviction under California Penal Code § 148(a)(1) does not bar a § 1983 claim for excessive force under Heck when the conviction and the § 1983 claim are based on different actions during 'one continuous transaction.'"); Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir. 2001) ("[I]f [the officer] used excessive force subsequent to the time Sanford interfered with [the officer's] duty, success in her section 1983 claim will not invalidate her conviction. Heck is no bar.").

Defendants may wish to argue that no such actions occurred after the commission of Plaintiff's offense and that all of the alleged force occurred during the commission of Plaintiff's assault on a peace officer engaged in the performance of his duties. However, this is contrary to Plaintiff's allegations and thus cannot support a motion for judgment on the pleadings. See Sturgis v. Brady, No. C 08-5363 SBA (PR), 2016 WL 924859, at *6 (N.D. Cal. Mar. 11, 2016) (denying motion for judgment on the

pleadings where Plaintiff claimed he already was subdued when the excessive force was used). Instead, such matters must be resolved on summary judgment or, as is more likely in this matter, at trial.

Accordingly, Defendants' motion for judgment on the pleadings on this basis should be denied.

## VI.   Conclusion, Order and Recommendation

Based on the foregoing, Plaintiff's motion for leave to file a surreply (ECF No. 45) is HEREBY GRANTED. Furthermore, it is HEREBY RECOMMENDED that Defendants' motion for judgment on the pleadings (ECF No. 31) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   September 19, 2016        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE