UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUSSAMA SAHIBI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BORJAS GONZAES, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01581-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY DEFENDANT CROUNSE'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 44)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

## I.　Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendants Brandon Cope, Borjas Gonzales, Mario Lozano, Howard Smith, and Stan, and on a Fourteenth Amendment due process claim against Defendant Crounse.

Before the Court is Defendant Crounse's motion for summary judgment, alleging that Plaintiff failed to exhaust administrative remedies. (ECF No. 44.) Plaintiff filed an opposition. (ECF No. 56.) Defendant filed a reply. (ECF No. 59) The matter is submitted. Local Rule 230(*l*).

## II. Legal Standard

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies. See Jones, 549 U.S. at 216 (failure to exhaust is an affirmative defense). A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012).

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the Court should decide disputed factual questions relevant to exhaustion "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1169-71.

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1). In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

**III.     Factual Summary**

    **A.     Plaintiff's Complaint**

Plaintiff's claims arise out of a July 13, 2013 incident at California Correctional Institution. Plaintiff claims that, on that date, he was released from his cell for Ramadan services when Defendant Gonzales began to make disparaging remarks toward Plaintiff. An altercation occurred between Plaintiff and Defendant Gonzales. Plaintiff was subdued and handcuffed. Plaintiff alleges various acts by Defendant Gonzales and others were excessive. Based on these allegations, the Court has permitted Plaintiff to proceed on an excessive force claim against Defendants Gonzales, Smith, Cope, Lozano and Stan. Such claim, however, is limited to Defendants' actions after Plaintiff was handcuffed.

Plaintiff received a Rules Violation Report ("RVR") in relation to this incident. On November 14, 2013, he appeared before Defendant Crounse for his disciplinary hearing. He asked Defendant Crounse to call Defendants Gonzales, Smith, Stan, Cope and Lozano as witnesses. He alleges Defendant Crounse stated that he would not be calling anyone "as staff reports gave a full account of the incident." Plaintiff was found guilty of the Rules Violation. The Court has permitted him to proceed on a Fourteenth Amendment claim against Defendant Crounse based on the denial of his right to call witnesses at his disciplinary hearing.

    **B.     Exhaustion**

It is undisputed that Plaintiff did not exhaust administrative remedies with respect to any claims relating to his disciplinary proceedings or the actions of Defendant Crounse. Plaintiff states that, on December 26, 2013, he submitted a 602 administrative appeal regarding his disciplinary hearing but received no response. Defendant disputes that any such appeal was submitted. Documents attached to Plaintiff's complaint[1] reflect the following with respect to Plaintiff's efforts to exhaust:

---

[1] Defendant does not dispute the authenticity of these documents or otherwise object to them.

On January 12, 2014, Plaintiff submitted a CDCR-22 Request for Interview to the Appeals Coordinator. (ECF No. 56 at 14.) Therein, he stated that he submitted a 602 regarding his disciplinary proceeding "about three weeks ago" and had not received a response. On January 16, 2014, staff responded that the institution had no record of such an appeal.

On or about January 23, 2014, Plaintiff submitted a 602 administrative appeal as an "emergency appeal." Therein, he stated that he had submitted a 602 on December 26, 2013, but that the appeals office did not receive it. He asked that the institution attempt to locate his 602 or, alternatively, allow his access to his C-file and additional time to re-file the 602. (Id. at 15.) The appeal was rejected because it was not signed or dated and because Plaintiff had not completed the CDCR-22 process. (Id. at 16.)

Plaintiff then attempted to pursue his appeal in various ways. He submitted an administrative appeal directly to the third level of review; it was rejected. He resubmitted to the first level of review; he received no response. He wrote letters to the Chief of Appeals, the Prison Law Office, and the Office of the Inspector General; he received no assistance. These efforts are not supported merely by bare assertions from Plaintiff. Plaintiff submits undisputed evidence to show that he engaged in these admittedly flawed attempts to exhaust.

**IV.   Analysis**

    **A.   Legal Standard – Exhaustion**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15

4

§ 3084.1. The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). It is completed at the third level of review, also known as the Director's Level of Review. Id. at § 3084.7.

"The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." Id. Instead, the grievance must "alert the prison to the nature of the wrong for which redress is sought," and must give the prison an opportunity "to reach the merits of the issue." Id. at 1120-21.

An inmate may be excused from the exhaustion requirement where administrative remedies were "effectively unavailable." Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010). Administrative remedies may be considered "effectively unavailable" where prison officials fail to respond to a properly filed grievance or administrative appeals are improperly screened. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010). To fall within this exception, an inmate must establish, "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Id. at 823-24.

**B.  Discussion**

As stated, it is undisputed that Plaintiff did not exhaust administrative remedies regarding Defendant Crounse or his rules violation report hearing. The question, then, is whether such remedies were "effectively unavailable." The Court finds that Plaintiff presents sufficient evidence to raise a triable issue of fact as to whether administrative remedies were effectively unavailable. Accordingly, Defendant Crounse's motion for

summary judgment should be denied.

Plaintiff states in a sworn declaration that, on December 26, 2013, he submitted a 602 administrative appeal regarding his disciplinary hearing. Defendant initially argued that this submission could not serve to exhaust Plaintiff's administrative remedies because it was untimely. In support, Defendant relied on title 15, section 3084.8(b) of the California Code of Regulations, which requires inmates to submit an appeal within thirty days of "[t]he occurrence of the event or decision being appealed, or . . . [u]pon first having knowledge of the action or decision being appealed." Plaintiff responded with Department Operations Manual § 54100.8, which requires inmates to submit a copy of their rules violation report with any appeal of a disciplinary action, and thus specifically provides, "The date the final RVR copy is issued to the appellant shall serve to establish the time limits for appeal of the RVR, <u>not the date of the disciplinary hearing</u>." (Emphasis added.) Defendant does not respond to this argument and thus appears to have abandoned it. (ECF No. 59.) In any event, the final RVR was issued to Plaintiff on December 6, 2013. (ECF No. 31-5 at 3.) Plaintiff's alleged December 26, 2013 appeal was submitted within thirty days of that date and therefore would have been timely.[2]

Defendant next argues that Plaintiff must be mistaken regarding his contention that he submitted a 602 administrative appeal. Defendant opines that Plaintiff likely is referring to a CDCR Form 22 that was submitted on December 26, 2013. Such forms do not exhaust administrative remedies. It is true that Plaintiff submitted a Form 22 on December 26, 2013. (ECF No. 44-5 at 12.) Neither party presents a legible copy of this Form. However, from the little that can be discerned, it appears that Plaintiff was inquiring about the status of an October 22, 2013 staff complaint. The Court can make out no reference to Defendant Crounse, the disciplinary proceeding, or any appeal

---

[2] Additionally, the potential untimeliness of this appeal does not necessarily defeat Plaintiff's claims. If the appeal had been processed by the prison and rejected due to untimeliness, Plaintiff presumably would have had an opportunity to appeal that rejection. However, because the appeal allegedly was never processed, Plaintiff had no such opportunity. Thus, by failing to even process the appeal, the prison would have rendered any potentially available administrative remedies effectively unavailable to Plaintiff.

thereof. Again, Plaintiff has submitted a sworn declaration stating that he submitted a 602 administrative appeal on December 26, 2013. As Defendant points out, Plaintiff is knowledgeable about the appeal process. (ECF No. 44-1 at 14, 59 at 2.) Records before the Court demonstrate that Plaintiff is well-aware of the differences between a 602 and a Form 22. Defendant's speculative argument does not undermine Plaintiff's declaration that he submitted a 602 administrative appeal.

Defendant next argues that Plaintiff's assertion that he submitted a 602 is self-serving and unsupported by the evidence. Such an argument is either disingenuous or reflects a disturbing level of ignorance with regard to the legal standards applicable to motions for summary judgment. Of course, declarations offered in support of or opposition to motions for summary judgment often are self-serving. They nonetheless may be sufficient to establish a genuine issue of material fact if, as here, they are based on personal knowledge and state facts that could be offered into evidence, rather than mere conclusions. S.E.C. v. Phan, 500 F.3d 895, 909 (9th Cir. 2007). Plaintiff need not here corroborate his assertion. Id. In any event, as stated, Plaintiff has offered corroborating evidence, most notably the January 12, 2014 Form 22 he submitted inquiring after the status of his December 26, 2013 administrative appeal.

Finally, Defendant's argument that Plaintiff's claim (that he filed a 602) is not credible, is equally questionable. Such arguments are improper on a motion for summary judgment. Soremekun, 509 F.3d at 984 (court may not make credibility determinations or weigh conflicting evidence). Both parties refer the Court to cases outside this jurisdiction on the issue of whether an assertion that an inmate filed a grievance and received no response is sufficient to defeat summary judgment. The Court, however, relies on binding precedent stating that exhaustion motions are to be decided under the standards applicable to any motion for summary judgment. Albino, 747 F.3d at 1166, 1169-70. The Court is aware of no circumstance in which a competent declaration is insufficient to raise a genuine issue of material fact on summary judgment. Courts in this district regularly hold that such declarations by

inmates are sufficient. E.g., Hamilton v. Hart, No. 1:10-cv-00272-LJO-EPG-PC, 2016 WL 1090109, at *1 (E.D. Cal. Mar. 21, 2016); Todd v. Johnson, No. 1:12-CV-02083-LJO, 2015 WL 1236440, at *4 (E.D. Cal. Mar. 17, 2015), report and recommendation adopted, No. 1:12-CV-02083-LJO, 2015 WL 1637822 (E.D. Cal. Apr. 13, 2015). In any event, the case relied on by Defendant, Kidd v. Livingston, 463 F. App'x 311, 313 (5th Cir. 2012), was decided after an evidentiary hearing and is therefore inapposite.

Plaintiff has submitted evidence showing that he submitted a timely grievance regarding his disciplinary proceeding and the conduct of Defendant Crounse, but received no response. Such conduct, if true, would be sufficient to show that administrative remedies were effectively unavailable. Defendant, however, denies that any such grievance was filed. Accordingly, disputes of fact preclude summary judgment on this issue.

### C.   Evidentiary Hearing

Where disputes of fact preclude summary judgment regarding exhaustion, a defendant may seek to have such disputes resolved by a judge through an evidentiary hearing. Albino, 747 F.3d at 1169-71. However, Defendant Crouse has not requested such a hearing. Because exhaustion is an affirmative defense, see Jones, 549 U.S. at 216 (failure to exhaust is an affirmative defense), the undersigned will not recommend further proceedings on this defense absent a request by Defendant. Indeed, in light of the corroborating evidence offered by Plaintiff on summary judgment, it is difficult to anticipate that an evidentiary hearing would be productive. Still, Defendant Crounse reserves the right to seek such a hearing via objections to these findings and recommendation.

### VI.   Conclusion and Recommendation

Disputes of fact preclude a finding that Plaintiff failed to exhaust administrative remedies that were available to him. Accordingly, it is HEREBY RECOMMENDED that Defendant Crounse's motion for summary judgment be DENIED.

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   November 7, 2016              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE

9