1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUSSAMA SAHIBI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BORJAS GONZAES, et al.,<br><br>　　　　Defendants. | Case No. 1:15-cv-01581-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO DENY DEFENDANT CROUNSE'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 64)** |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendants Brandon Cope, Borjas Gonzales, Mario Lozano, Howard Smith, and Stan, and on a Fourteenth Amendment due process claim against Defendant Crounse. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

　　　　On November 8, 2016, the Magistrate Judge issued findings and a recommendation to deny Defendant Crounse's motion for summary judgment. (ECF No. 64.) Defendant Crounse filed objections. (ECF No. 66.) Plaintiff filed a response. (ECF No. 71.)

1   Defendant Crounse sought summary judgment on the ground that Plaintiff failed to exhaust administrative remedies. The Magistrate Judge found it undisputed that Plaintiff did not exhaust administrative remedies. However, the Magistrate Judge also concluded that Plaintiff presented sufficient evidence to raise a question of fact as to whether administrative remedies were "effectively unavailable" to him. See Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010). Accordingly, he recommended denying the motion.

In his objections, Defendant Crounse first argues that Plaintiff is not excused from the exhaustion requirement because he did not "actually file a grievance." Thus, under Defendant's reasoning, Plaintiff's failure to exhaust is not excused if the prison loses, ignores, or purposefully discards a grievance prior to filing. This argument is without merit. Courts regularly conclude that administrative remedies are unavailable in circumstances where prison officials prevented an inmate from filing a grievance. E.g., Albino v. Baca, 747 F.3d 1162, 1176 (9th Cir. 2014).

Defendant Crounse next argues that the declaration submitted by Plaintiff, stating that he had submitted a grievance on December 26, 2013 and received no response, is self-serving and should be disregarded. While it is true that a declaration may be disregarded in some circumstances, those circumstances are not presented here. There is no evidence before the Court that contradicts Plaintiff's declaration. See Kennedy v. Allied Mutual Ins. Co., 952 F.2d 262 (9th Cir. 1991) (district court may disregard affidavit upon finding that it is a "sham" that flatly contravenes the party's deposition testimony and has the sole purpose of creating an issue of fact to avoid summary judgment). Defendant's argument that the declaration is contradicted by Plaintiff's grievance log is misplaced, as that log appears to refer to a separate series of staff complaints.

Furthermore, Plaintiff has submitted other evidence to support his claim that he submitted the contested grievance. See F.T.C. v. Publ'g Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997), as amended (Apr. 11, 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a

genuine issue of material fact.") Additionally, the declaration is based on personal knowledge, see Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1059 n.5, 1061 (9th Cir. 2002) (holding that the district court properly disregarded the declaration that included facts beyond the declarant's personal knowledge and did not indicate how she knew the facts to be true), and contains more than mere generalized concerns regarding unethical conduct of prison officials or broadly stated deficiencies with the grievance process, see Draper v. Rosario, 836 F.3d 1072, 1079-80 (9th Cir. Sept. 7, 2016); Crayton v. Hedgpeth, No. C 08–00621 WHA (PR), 2011 WL 1988450, at *7 (E.D. Cal. May 20, 2011). The Court finds no basis for disregarding the declaration.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendation to be supported by the record and by proper analysis. Plaintiff has presented sufficient evidence to raise an issue of fact as to whether administrative remedies were effectively unavailable to him. Summary judgment must be denied. A defendant may seek to have such disputes resolved by a judge through an evidentiary hearing. Albino, 747 F.3d at 1169-71. The Magistrate Judge invited Defendant to request such a hearing in his objections. He did not do so. Accordingly, the matter will proceed on the merits.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court adopts in full the findings and recommendations filed November 8, 2016 (ECF No. 64);
2. Defendant Crouse's motion for summary judgment (ECF No. 44) is DENIED.

IT IS SO ORDERED.

Dated: **December 16, 2016**        /s/ Lawrence J. O'Neill
                                    UNITED STATES CHIEF DISTRICT JUDGE

3.