UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUSSAMA SAHIBI,<br><br>    Plaintiff,<br><br>    v.<br><br>BORJAS GONZALES, et al.,<br><br>    Defendants. | CASE No. 1:15-cv-01581-LJO-MJS (PC)<br><br>**ORDER DENYING, WITHOUT PREJUDICE, MOTION TO COMPEL AS TO DEFENDANT CROUNSE**<br><br>**(ECF NO. 83)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendants Cope, Gonzales, Lozano, Smith, and Stane, and on a Fourteenth Amendment due process claim against Defendant Crounse. Before the Court is Plaintiff's January 31, 2017, motion to compel. (ECF No. 83.) Defendants filed oppositions. (ECF Nos. 85-89.) Plaintiff filed no reply.

This order addresses only those portions of Plaintiff's motion to compel directed toward Defendant Crounse. The motion to compel discovery from other Defendants remains under submission pending Defendants' submission of materials for in camera review. (ECF No. 94.)

The posture of Plaintiff's motion as to Defendant Crounse is somewhat confused. On November 22, 2016 and November 28, 2016, Plaintiff filed motions seeking an

1

extension of time to file a motion to compel, indicating that Defendants had objected to many of his discovery requests on grounds of confidentiality and/or privilege. He had attempted to resolve this matter informally but received no response from defense counsel prior to the November 3, 2016 expiration of the discovery cut-off.

The Court then set this and other discovery matters for a telephonic conference on January 13, 2017. Therein, the Court granted Plaintiff's motions for extensions of time, affording him until January 30, 2017 to file his motion to compel. (ECF No. 81.) Plaintiff was advised that his motion to compel must be supported by specific arguments regarding the alleged deficiencies of Defendants' responses. Furthermore, the parties were advised that the Court was disinclined to consider discovery requests relating to Defendant Crounse's history of excessive force issues because such information was not likely to lead to the discovery of relevant admissible evidence. Lastly, the Court noted that Defendant Crounse's privilege log appeared facially deficient; he was advised that the failure to support objections with a proper privilege log and supporting declaration could result in a finding that the privilege had been waived. (See ECF No. 81.)

Defendant Crouse came away from the conference with the mistaken impression that the Court granted a motion to compel "against the five 'KVSP Defendants' and not as to Lt. Crounse." (ECF No. 87-1 at 2.) No such motion had been granted as none had been filed or argued. Nonetheless, Crounse apparently took to heart the admonition that his assertion of privilege was defective and endeavored, apparently for the first time, to identify privileged documents responsive to Plaintiff's requests. (See id. at 5-42.) He then supplemented his discovery responses on January 31. 2017. (Id. at 3.) Therein, he stated, "A privilege log is unnecessary since no such privileged/confidential documents responsive to the Amended Responses exist." (Id. at 6.)

Plaintiff's motion to compel was filed the same day. (ECF No. 83.) Based on Defendant's simultaneous amendment of his responses, the motion to compel appears to be moot. The Court will not endeavor to review Plaintiff's multitudinous requests, Defendant's initial and amended responses, and the parties' respective arguments to

determine whether live issues remain. Instead, the Court will permit Plaintiff twenty-one (21) days from the date of this order to file an amended motion to compel, in the event he believes the amended responses remain deficient. Once again, Plaintiff is reminded that any motion to compel must identify why each contested response is deficient, why the evidence sought is relevant, and why the objections to production are not meritorious.

Based on the foregoing, Plaintiff's motion to compel further discovery from Defendant Crounse is HEREBY DENIED without prejudice to Plaintiff's filing an amended motion within twenty-one days.

IT IS SO ORDERED.

Dated: __March 6, 2017__          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE