UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

OUSSAMA SAHIBI,

          Plaintiff,

  v.

BORJAS GONZALES, et al.,

          Defendants.

CASE No. 1:15-cv-01581-LJO-MJS (PC)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL**

**(ECF NO. 83)**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendants Cope, Gonzales, Lozano, Smith, and Stane, and on a Fourteenth Amendment due process claim against Defendant Crounse.

On January 31, 2017, Plaintiff filed a motion to compel. (ECF No. 83.) Defendants filed oppositions. (ECF Nos. 85-89.) Plaintiff filed a belated reply. (ECF No. 99.) On March 3, 2017, the Court ordered Defendants to submit specified materials for in camera review in relation to the motion to compel. (ECF No. 94.) They did so on March 15, and March 16, 2017. (See ECF Nos. 96, 97.)

On March 7, 2017, the Court denied without prejudice the motion to compel as to Defendant Crounse. (ECF No. 95.) The Court took under submission the motion to

1   compel as to other Defendants. The Court herein states its ruling on Plaintiff's motion to
2   compel as to Defendants Cope, Gonzales, Lozano, Smith, and Stane.

3   **I.      Legal Standard**

4          The discovery process is subject to the overriding limitation of good faith. <u>Asea,</u>
5   <u>Inc. v. S. Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir.1981). "Parties may obtain
6   discovery regarding any nonprivileged matter that is relevant to any party's claim or
7   defense and proportional to the needs of the case, considering the importance of the
8   issues at stake in the action, the amount in controversy, the parties' relative access to
9   relevant information, the parties' resources, the importance of the discovery in resolving
10  the issues, and whether the burden or expense of the proposed discovery outweighs its
11  likely benefit." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at
12  the trial if the discovery appears reasonably calculated to lead to the discovery of
13  admissible evidence. <u>Id.</u>

14         Generally, if the responding party objects to a discovery request, the party moving
15  to compel bears the burden of demonstrating why the objections are not justified. <u>E.g.</u>,
16  <u>Grabek v. Dickinson</u>, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan.
17  13, 2012); <u>Ellis v. Cambra</u>, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4
18  (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which
19  discovery requests are the subject of the motion to compel, and, for each disputed
20  response, why the information sought is relevant and why the responding party's
21  objections are not meritorious. <u>Grabek</u>, 2012 WL 113799, at *1; <u>Womack v. Virga</u>, No.
22  CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

23  **II.     Discussion**

24         **A.      Privilege Log**

25         Defendants objected to many of Plaintiff's requests on the ground that the
26  requested information is privileged. In support of their assertion of privilege, Defendants
27  relied largely on state law privilege grounds that are not binding on federal courts in this
28  type of case. <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653, 655-56 (N.D. Cal. 1987).

2

Accordingly, the Court will discuss only Defendants' reliance on the official information privilege.

### 1.    Legal Standard – Official Information Privilege

The Supreme Court has long noted that privileges are disfavored. Jaffee v. Redmond, 518 U.S. 1, 9 (1996). "The party asserting an evidentiary privilege has the burden to demonstrate that the privilege applies to the information in question." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988). Privileges are to be "strictly construed" because they "impede full and free discovery of the truth." Eureka Fin. Corp. v. Hartford Acc. and Indem. Co., 136 F.R.D. 179, 183 (E.D. Cal. 1991). "If the privilege is worth protecting, a litigant must be prepared to expend some time to justify the assertion of the privilege." Id.

In civil rights cases brought under section 1983, questions of privilege are resolved by federal law. Kerr v. U.S. District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir. 1975). "State privilege doctrine, whether derived from statutes or court decisions, is not binding on federal courts in these kinds of cases." Kelly v. City of San Jose, 114 F.R.D. 653, 655-56 (N.D. Cal. 1987).

Nevertheless, "[f]ederal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing Kerr, 511 F.2d at 198). The official information privilege ensures disclosure of discoverable information without compromising the state's interest in protecting the privacy of law enforcement officials and in ensuring the efficacy of its law enforcement system. Kelly, 114 F.R.D. at 662-63.

"To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Sanchez, 936 F.2d at 1033-34. "In the context of civil rights suits against [corrections officials], this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Cal. 1995) (quoting Kelly, 114 F.R.D. at 661).

The party invoking the privilege must at the outset make a "substantial threshold showing" by way of a declaration or affidavit from a responsible official with personal knowledge of the matters attested. Soto, 162 F.R.D. at 613. "The claiming official must 'have seen and considered the contents of the documents and himself have formed the view that on grounds of public interest they ought not to be produced' and state with specificity the rationale of the claimed privilege." Kerr, 511 F.2d at 198 (citation omitted). The affidavit must include: (1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made. Soto, 162 F.R.D. at 613. In addition, "[t]he asserting party, as in any case where a privilege is claimed, must sufficiently identify the documents so as to afford the requesting party an opportunity to challenge the assertion of privilege." Miller v. Panucci, 141 F.R.D.292, 300 (C.D. Cal. 1992).

### 2.   Stane's Letter of Instruction

The Court has reviewed the letter of instruction and determined that it is not relevant to this action, nor is it likely to lead to the discovery of relevant evidence. Plaintiff has no discernible need for discovery of this material. In this circumstance, the balance tips against disclosure. The letter need not be produced.

### 3.   Smith's Employee Counseling Records

As with Defendant Stane's letter of instruction, the Court has reviewed Defendant Smith's employee counseling records and is satisfied that they are not relevant to this action, nor are they likely to lead to the discovery of relevant evidence. The records need not be produced.

### 4.   Inmate Housing Roster

Request No. 30 seeks the inmate housing roster for Plaintiff's housing unit for the date of the incident at issue in this case. Defendants objected to this request on grounds of confidentiality, safety and security, and third party privacy. The declaration submitted by Defendants in support of their privilege log addressed only the defendant officers' confidential information; it articulated no basis for withholding the inmate housing roster. In their opposition to the motion to compel, Defendants cite only to generalized concerns regarding the release of confidential inmate information to other inmates.

This declaration is insufficient to support Defendants' claim of privilege. Additionally, the only asserted basis for maintaining the confidentially of these documents is state law concerning confidentiality and privacy. The Court finds these justifications unpersuasive grounds for withholding discovery. Moreover, the Court concludes that a roster of inmates housed on Plaintiff's unit at the time the incident occurred may be relevant and necessary for the identification of potential inmate witnesses. There appears to be no alternative means available to Plaintiff to obtain this information. Accordingly, the Court concludes that the housing roster must be produced to Plaintiff.

However, to the extent the roster contains confidential inmate information beyond the inmate's first initial, last name, and CDCR number, such information may be redacted, without prejudice to Plaintiff seeking disclosure of the redacted information upon a showing of good cause.

### 5.   Use of Force Critique Package

The Court has reviewed the Use of Force Critique Package in camera. The information contained therein generally is unhelpful to Plaintiff's case and instead is supportive of Defendants' version of the facts. None of the documents contain findings that excessive force was used. Nevertheless, the Court finds that some of the documents contain accounts of the incident in a level of detail that may lead to the discovery or relevant evidence or assist Plaintiff in identifying witnesses.

The Court has weighed the potential benefits of disclosure of these documents against the potential disadvantages, <u>Sanchez</u>, 936 F.2d at 1033–34, and concludes that, in the specific instances described below, the balance tips in favor of disclosure. The Court is sensitive to Defendant's need to maintain institutional safety and security. Similarly, the Court appreciates the benefit to society and institutions within it of promoting thorough and accurate investigations. However, these records contain relevant information bearing directly on the incident at issue that otherwise may be unavailable to Plaintiff. Furthermore, while the records are part of a confidential review of the incident, the records identified below do not appear to contain particularly sensitive information.

Given the foregoing, judicial preference for admitting competent, relevant evidence, and recognition that the balance is "moderately pre-weighted in favor of disclosure" in these cases, <u>Soto</u>, 162 F.R.D. at 613 (quoting <u>Kelly</u>, 114 F.R.D. at 661), the Court cannot justify withholding these records from Plaintiff under the official information privilege. Accordingly, Defendants will be ordered to produce to Plaintiff the following documents:

- CDCR 3036 Institutional Executive Review Committee (IERC) Critique and Qualitative Evaluation: Entire document must be produced.
- CDCR 3010 Incident Commander's Review/Critique: Narrative section only. Check-off list may be redacted.
- CDCR 3014 Report of Findings
- July 13, 2013 email from Warden Waddle: First names and email addresses may be redacted.
- Rules Violation Report pertaining to Plaintiff

The remaining documents contained in the Use of Force Critique Package are not sufficiently relevant or probative to warrant the breach in confidentiality their disclosure would require. Accordingly, Defendants will not be compelled to produce those documents to Plaintiff.

## B.   Other Specific Requests

The Court begins by noting that many of Plaintiff's requests are aimed at obtaining any and all records pertaining to Defendants' history of being accused of or disciplined for the use of excessive force. Based on the Court's review of the records submitted in camera and Defendants' responses to Plaintiff's requests for production, it appears that none of the Defendants have been disciplined, counseled, or instructed for using excessive force against inmates.[1] This point would not have been immediately clear to Plaintiff, who did not have the benefit of reviewing privileged documents. Nonetheless, Plaintiff's continued attempt to seek records of any such discipline, counseling, or instruction is unavailing because, as far as the Court can tell, no such records exist. What remains then, is Plaintiff's attempts to obtain documents pertaining to unsubstantiated accusations regarding the use of excessive force. The Court will discuss this issue in further detail below but makes this point at the beginning of its analysis to focus Plaintiff on the reason many of his requests will be denied.

### 1.   Request No. 1

The only apparent document in Defendants' possession, custody or control that is relevant to this request is Defendant Stane's letter of instruction. As discussed above, Defendants will not be compelled to produce this document.

### 2.   Request No. 3

Request No. 3 seeks video interviews conducted in relation to the prison's investigation of the incident at issue. In response, Defendants stated their willingness to permit Plaintiff to view his own videotaped interview upon request. They also state that no other such videos exist. In response to Plaintiff's motion to compel, Defendants state that Plaintiff, to date, has not requested to view the video.

---

[1] Defendants have a continuing obligation to provide discovery. Fed. R. Civ. P. 26(e). If the Court is incorrect in this conclusion, defense counsel must immediately notify the Court and provide any and all documents erroneously withheld from Defendants' privilege log.

There appears to be no dispute with regard to this request. Defendants will permit Plaintiff to view the only responsive video upon Plaintiff's request. Plaintiff's contention that other video interviews must exist because various investigations were conducted is unsupported.[2] No further production is warranted.

### 3.     Requests 5 and 6

These requests seek documents containing policies and procedures regarding the use of force. Defendants state that they have produced all responsive documents that are in their possession, custody, or control. Plaintiff provides no argument to the contrary. Defendants cannot be compelled to produce material that is not in their possession, custody, or control. Furthermore, although Plaintiff desires these materials to educate the jury as to how the Defendants violated internal policies or procedures, any such violations do not bear on the constitutional question at issue in this case, i.e., whether Defendants used excessive force against Plaintiff after Plaintiff was subdued. Further production is not warranted.

### 4.     Request No. 9

This request seeks all use-of-force video interviews of prisoners who have accused Defendants of excessive force. The Court agrees that this request is overbroad and unduly burdensome. Furthermore, in light of the Defendants' responses to other requests indicating a lack of excessive force findings against the Defendants, this request is unlikely to lead to the discovery of relevant evidence. Unsubstantiated accusations of excessive force by Defendants against other inmates are too tangential to this litigation to require a further response. The motion to compel a further response to this request will be denied.

---

[2] Once again, Defendants have a continuing obligation to provide discovery. If, in their supplemental response to Request No. 19, discussed below, Defendants' learn of additional video interviews, they must supplement their response to this Request.

### 5.    Requests Nos. 10, 36, 37, 38, 39 and 42

With the exception of the Use of Force Critique Package, Defendants produced all responsive documents in their possession, custody, and control. As discussed above, the Court has reviewed the Use of Force Critique Package and determined that specified materials must be disclosed. With the exception of the Use of Force Critique Package as described above, Plaintiff's motion to compel a further response to these requests will be denied.

### 6.    Request Nos. 14, 16, and 32

Defendants refused to produce documents responsive to these requests on the ground that they are privileged. Defendants' privilege log lists Defendant Stane's letter of instruction and Defendant Smith's Employee Counseling Records as responsive to these requests. As stated above, the Court has reviewed these records in camera and determined that they need not be produced. Accordingly, Plaintiff's request to compel a further response to these requests will be denied.

### 7.    Request No. 19

This request seeks all Office of Internal Affairs ("OIA") files for Defendants. Defendants objected to this request as overbroad. The Court agrees. Nonetheless, OIA files pertaining to the incident at issue in this case have the potential to contain relevant evidence. Accordingly, Defendants will be compelled to provide a further, limited response to this request by providing Plaintiff with OIA files relating to this incident. Alternatively, to the extent Defendants contend that the files are privileged, they may file and serve a privilege log, supporting declaration, and brief in support of withholding the files from Plaintiff, and must simultaneously provide the OIA files to the Court in camera review. The Court then will review the files to determine whether they must be disclosed.

### 8.    Request No. 30

This request, which seeks an inmate housing roster, was discussed above in relation to Defendants' claim of privilege. The roster must be produced to Plaintiff as described above.

### 9.    Request No. 31

Plaintiff seeks rosters of inmates who participated in Islamic religious services at his institution from July 2009 through July 13, 2013. He states that he requires this information to show that he is a practicing Muslim, a matter that he believes will be in dispute.

Defendants objected to this request on various grounds. Ultimately, however, the Court concludes that the materials are not relevant to any fact of consequence in this action, nor are they likely to lead to the discovery of relevant evidence. Although Plaintiff contends that the events at issue here were precipitated by derogatory remarks made by Defendant Gonzalez regarding Plaintiff's religious practice, the veracity of Plaintiff's faith is not a material dispute. And, even if the materials do contain some minimal relevance, the burdens of producing and appropriately redacting those materials are not proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1). Plaintiff's motion to compel a further response to this request will be denied.

### 10.    Request No. 40

This request seeks "[a]ll 'Use of Force Committee Electronic Data'" for each of the Defendants. This request is overbroad, unduly burdensome, disproportionate to the needs of the case, and unlikely to lead to the discovery of relevant evidence for the reasons stated above regarding Request No. 9. No further response is required.

### 11.    Requests Nos. 44 and 45

These requests are broadly worded to seek "any and all records pertaining to the Defendants." Plaintiff then clarifies such records may include those pertaining to Defendants' use of force history or creating false evidence, and information concerning individuals who may have made such complaints against Defendants. Plaintiff wishes to show that there is an underground policy at CDCR in which officers assault inmates and then cover up the assaults through false evidence.

This request is overbroad, unduly burdensome, disproportionate to the needs of the case, and unlikely to lead to the discovery of relevant evidence for the reasons

stated above regarding Request Nos. 9. As stated, there is nothing before the Court to suggest that Defendants have been disciplined, counseled, or instructed with regard to the conduct specified by Plaintiff. Plaintiff's belief that there is evidence to support his theory of an underground policy appears to be based entirely on speculation and, based on the information before the Court, is unlikely to be borne out in CDCR records. No further response is required.

**III.   Protective Order**

Although Defendants have not specifically requested that the Court issue a protective order, the Court concludes that such an order is warranted. Accordingly, the following protective order applies to the privileged materials described above. Defendants shall produce said materials and Plaintiff may review them and use them in litigating this matter subject to and in strictly in accordance with following terms and conditions:

1.  The confidential documents may be submitted to the possession of the following persons:

    a.  Counsel for Plaintiff in this action, should Plaintiff obtain counsel;

    b.  Paralegal, stenographic, clerical, and secretarial personnel regularly employed by counsel for Plaintiff;

    c.  Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for trial or trial of this action;

    d.  Any outside expert or consultant retained by Plaintiff or his counsel for purposes of this action; and

    e.  Non-inmate witnesses to whom the materials need be disclosed as necessary for preparation for trial and trial of this case, provided that each witness shall be informed of and agree in writing to be bound by the terms of this order, and shall not, in any event, be permitted to take or retain copies of the material .

2. Plaintiff may review the privileged materials under the supervision of the litigation coordinator at his institution or his counsel. Plaintiff may take notes during his review of the materials. However, Plaintiff may not copy or retain the materials, or retain copies of them in his possession. Plaintiff may not discuss the content of the materials with any other inmate, nor may any other inmate review or have possession of the materials.

3. Upon final judgment or resolution of any appeal, Plaintiff's counsel, if any, shall return or destroy all such materials still in or subject to their possession or control, and shall provide Defendant's counsel with sworn declarations stating they have done so.

4. No confidential material obtained by Plaintiff or his counsel shall be disclosed except as is necessary to the litigation of this case, including if applicable its appeal, and for no other purpose,

5. Any violation of this Protective Order may be punishable as Contempt of Court and also may subject the violating party to litigation sanctions, including dispositive sanctions, in the Court's discretion;

6. Nothing in this Protective Order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

7. The provisions of this Protective Order are without prejudice to the right of any party:

   a. To apply to the Court for a further protective order relating to this or any confidential material or relating to discovery in this litigation;

   b. To apply to the Court for an order removing the confidential material designation from any documents;

   c. To apply to the Court for an order modifying this Protective Order for good cause shown; or

12

d.  To object to a discovery request.

8.  The provisions of this order shall remain in full force and effect until further order of this Court.

## IV.   Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's motion to compel is granted in part and denied in part as described above.

2.  Within fourteen (14) days of the date of this order, Defendants shall produce to the Litigation Coordinator at Plaintiff's institution a copy of the Inmate Housing Roster and Use of Force Critique Package as described above.

3.  Within twenty-one (21) days of the date of this order, the Litigation Coordinator at Plaintiff's institution shall arrange for Plaintiff to review these privileged materials for a period of no less than ninety (90) minutes, and subject to the above protective order.

4.  Within fourteen (14) days of the date of this order, Defendants shall either:

a.  Provide Plaintiff with a further response to Request No. 19 as limited herein, or

b.  File and serve a privilege log, supporting declaration, and brief in support of withholding OIA files from Plaintiff, and shall simultaneously provide the OIA files (including video or audio files, if any) to the Court for in camera review.

IT IS SO ORDERED.

Dated:   April 4, 2017                    /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE