UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUSSAMA SAHIBI,<br><br>    Plaintiff,<br><br>    v.<br><br>BORJAS GONZALES, et al.,<br><br>    Defendants. | CASE No. 1:15-cv-01581-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>**(ECF NO. 107)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendants Cope, Gonzales, Lozano, Smith, and Stane, and on a Fourteenth Amendment due process claim against Defendant Crounse.

Before the Court is Plaintiff's May 3, 2017 motion for sanctions. (ECF No. 107.) Defendant filed an opposition. (ECF No. 112, 114.) Plaintiff filed no reply. The matter is submitted. Local Rule 230(*l*).

**I.    Procedural and Factual History**

On April 5, 2017, the Court granted in part and denied in part Plaintiff's motion to compel. (ECF No. 102.) Therein, the Court ordered Defendants to provide a further, limited response to Plaintiff's Request for Production of Documents No. 19 by providing

1

Plaintiff with Office of Investigative Affairs ("OIA") files pertaining to the incident at issue in this case.

On April 13, 2017, Defendants served their further response. (ECF No. 105.) Their response indicated that no such records exist. (See ECF No. 107.)

On May 3, 2017, Plaintiff filed the instant motion for sanctions. He claims that Defendants' supplemental response is deficient. He points to a letter he received from an Investigative Services Unit ("ISU") and Internal Affairs Lieutenant, discussing a letter sent by Plaintiff's father to the Office of Internal Affairs. That letter states, "The allegations were forwarded to Investigative Services Unit (ISU) and Internal Affairs (IA) Lieutenant P. Chanelo for an inquiry. The inquiry has been completed and the outcome has been forwarded to Martin Biter, Warden, for review and recommendation." (ECF No. 107 at 4.) Plaintiff also points to a letter received by his father, stating that the "Office of Internal Affairs (OIA) is in receipt of your Citizens' Complaint," and that the complaint was forwarded to the Warden.

In their opposition, Defendants acknowledge that records pertaining to the complaint made by Plaintiff's father were not produced to Plaintiff. They state that additional research was conducted in relation to the instant motion, three responsive letters were identified, and they were produced to Plaintiff as a supplemental response. Because they documents were not part of an OIA investigation, and instead were maintained by ISU, they were provided to Plaintiff as a supplemental response to his Request for Production No. 41.

**II.     Legal Standard**

Plaintiff moves for sanctions under Federal Rule of Civil Procedure 26(g)(3). Rule 26(g) requires the Court to impose sanctions on a party or attorney that improperly certifies, without justification, that a discovery response is complete and correct and that a reasonable inquiry was made with respect to the legal and factual basis for the response. The reasonableness of the inquiry is measured by an objective standard; there is no required showing of bad faith. See Zimmerman v. Bishop Estate, 25 F.3d

784, 790 (9th Cir. 1994); Nat'l Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 555 (N.D. Cal. 1987). "The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."

**III.     Discussion**

This Court has engaged in lengthy and tedious review of discovery requests and responses, privilege logs and confidential documents in this case. (See ECF No. 102.) At the heart of Plaintiff's discovery requests were two matters: (1) documents pertaining to Defendants' disciplinary history, and (2) documents pertaining to the investigation of the incident at issue in this case. In regard to the latter, Plaintiff's Request for Production No. 41 sought "Any and all information, written statements pertaining to or relevant to the Incident on July 13, 2013."

When Plaintiff did not receive internal investigative documents through Defendants' discovery responses, he filed a motion to compel. (ECF No. 83.) That motion specifically identified the letter sent by his father to the Office of Internal Affairs, and at issue on the instant motion, as the source of his belief that additional documents existed that had not been disclosed by Defendants or listed on their privilege log. (ECF No. 83 at 6-7, 149-50.) The Court granted the motion to compel in part, and ordered Defendants to provide Plaintiff with the OIA files or to provide the files to the Court for in camera review. (ECF No. 102.)

In light of this history, Plaintiff's father's complaint letter was known to be at issue in this case at least by the time Plaintiff filed his motion to compel, if not before. Nonetheless, Defendants apparently did not attempt to locate documents relating to the complaint when they opposed the motion to compel or when they provided supplemental responses based on the Court's order on that motion. It is of grave concern to the Court that but for Plaintiff's knowledge of the letter and his persistence in seeking it and related documents, the ISU material may never have come to light. The Defense is cautioned against providing discovery responses that champion form over substance in a way that interferes with the parties', and the Court's, ability to get to the core issue in this case.

1 | Despite the Court's concern and its dismay and frustration with this oversight, the Court cannot conclude that the response was objectively unreasonable. The Court's order on the motion to compel did not specifically address these letters (if only because it appeared, from the face of the correspondence, that the letters had been sent to the OIA and that production of OIA records would also produce documents relevant to Plaintiff's father's complaint). Furthermore, Plaintiff's discovery requests were assembled pro se, and were somewhat confusing and overbroad. The vast majority of Defendants' discovery responses were proper. The Court ultimately cannot conclude that Defendants' deficient response was substantially unjustified.

Furthermore, Plaintiff now has received the documents associated with the complaint letters. Trial in this matter is more than a year away and Defendants have not moved for summary judgment on Plaintiff's excessive force claim. It therefore does not appear that Plaintiff was prejudiced by the delay in producing these documents.

Thus, the Court will deny the motion.

## IV.  Conclusion and Order

Based on the foregoing, Plaintiff's motion for sanctions is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   June 13, 2017           /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

4