UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUSSAMA SAHIBI,<br><br>    Plaintiff,<br><br>v.<br><br>BORJAS GONZALES, et al.,<br><br>    Defendants. | CASE No. 1:15-cv-01581-LJO-MJS (PC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR UNREDACTED HOUSING ROSTER**<br><br>**(ECF NO. 109)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendants Cope, Gonzales, Lozano, Smith, and Stane, and on a Fourteenth Amendment due process claim against Defendant Crounse.

Before the Court is Plaintiff's May 5, 2017 motion seeking disclosure of an unredacted inmate housing roster. (ECF No. 109.) Defendants filed an opposition. (ECF No. 113.) Plaintiff filed a reply. (ECF No. 118.) In addition, the Court ordered Defendants to submit the unredacted roster to the Court in camera. (ECF Nos. 115, 117.) The matter is submitted. Local Rule 230(*l*).

1

**I.     Basis for Plaintiff's Motion**

On April 5, 2017, the Court granted in part and denied in part Plaintiff's motion to compel. (ECF No. 102.) Therein, the Court ruled, in relevant part, as follows:

> Request No. 30 seeks the inmate housing roster for Plaintiff"s housing unit for the date of the incident at issue in this case. Defendants objected to this request on grounds of confidentiality, safety and security, and third party privacy. The declaration submitted by Defendants in support of their privilege log addressed only the defendant officers" confidential information; it articulated no basis for withholding the inmate housing roster. In their opposition to the motion to compel, Defendants cite only to generalized concerns regarding the release of confidential inmate information to other inmates.
>
> This declaration is insufficient to support Defendants' claim of privilege. Additionally, the only asserted basis for maintaining the confidentially of these documents is state law concerning confidentiality and privacy. The Court finds these justifications unpersuasive grounds for withholding discovery. Moreover, the Court concludes that a roster of inmates housed on Plaintiff's unit at the time the incident occurred may be relevant and necessary for the identification of potential inmate witnesses. There appears to be no alternative means available to Plaintiff to obtain this information. Accordingly, the Court concludes that the housing roster must be produced to Plaintiff.
>
> However, to the extent the roster contains confidential inmate information beyond the inmate"s first initial, last name, and CDCR number, such information may be redacted, without prejudice to Plaintiff seeking disclosure of the redacted information upon a showing of good cause.

(ECF No. 102 at 5.)

Defendants redacted the inmates' cell numbers from the housing roster and provided the roster to Plaintiff. (See ECF Nos. 109, 113.) Plaintiff now moves for disclosure of the cell numbers on the ground that he is unable to identify the inmate witnesses he is trying to locate. Plaintiff states that he knows only where the inmates lived, not their names or CDCR numbers. (ECF No. 109.) Thus, a list of names and CDCR numbers is of essentially no use.

2

1    Defendants contend that their redaction of the cell numbers is in compliance with
2  the Court's order which, according to Defendants, allowed them to redact "confidential
3  information." (ECF No. 113 at 1.) Defendants also contend that release of cell numbers
4  to Plaintiff will jeopardize institutional safety and security. More specifically, the cell
5  numbers will allow Plaintiff, a known member of a security threat group, to identify
6  individuals that did not assist him during the excessive force incident, and to then
7  retaliate against those individuals. Defendants submit a declaration in support of
8  withholding cell numbers based on these concerns.

9    Plaintiff claims that, without the cell information, he will be unable to identify the
10 witnesses and thus is unable to subpoena them for trial. Plaintiff also states that
11 Defendants' security concerns are without merit. First, Plaintiff contends that some of the
12 inmates he seeks are of a different race and/or were in their cells at the time of the
13 incident. Thus, they could not or would not have come to his aid. Second, Plaintiff points
14 out that two fellow inmates were in the vicinity of the incident and did not come to his aid.
15 These inmates were identified in incident reports provided to Plaintiff and they also were
16 his co-defendants in a criminal trial arising out of this incident. However, in the four years
17 since the incident occurred, these two inmates have not been subject to any reprisals for
18 failing to assist Plaintiff. (ECF No. 118.)

## II.    Discussion

21   The Court begins by noting that Defendants' redaction of inmate cell numbers is
22 not in compliance with the Court's order on the motion to compel. The Court allowed
23 Defendants to redact "confidential inmate information," not whatever information the
24 Defendants considered confidential. Indeed, the Court expressly rejected Defendants'
25 general assertions with regard to confidentiality. Although "confidential inmate
26 information" was not defined in the order, the Court finds it strains credulity to include cell
27 numbers in that definition in the circumstances presented here.

Moreover, the Court expressly found that disclosure of the housing roster was relevant and necessary for the identification of potential witnesses. Defendants did not seek reconsideration of the Court's order. Yet, Defendants now contend that Plaintiff should not be permitted to identify witnesses because doing so may put those witnesses in jeopardy. Defendants previously had two opportunities to raise these arguments: in the privilege log and supporting declaration submitted along with their initial discovery response, and in their response to Plaintiff's motion to compel. They did not do so. They provide no justification as to why these arguments should be considered at this late stage. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."); Local Rule 230(j) (a party seeking reconsideration must show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion").

Even if such arguments were presented, the Court finds the proffered justifications for withholding the cell numbers unpersuasive. The declaration submitted by Defendants states that Plaintiff is an active member of a security threat group, and security threat group members generally may require other group members to come to their aid upon penalty of reprisal. The declaration does not address any reprisals believed to be undertaken or planned by Plaintiff, nor does it address any reprisals against the two other inmates involved in this incident, whose names are known to Plaintiff. Plaintiff himself has disavowed any desire to retaliate against other inmates. Furthermore, Plaintiff is entitled under the discovery rules to identify witnesses whose version of the events may differ from that of Defendants, and Defendants have not proposed any alternative means for him to do so. The logical result of Defendants' position would require Plaintiff to call approximately one hundred inmate witnesses to testify at trial, a result the Court is unwilling to entertain.

The Court has already balanced the interests at stake in releasing the roster to Plaintiff and has determined that information necessary for Plaintiff to identify witnesses must be disclosed to him. See Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990). The arguments presented on the instant motion do not persuade the Court to alter that ruling.

Nonetheless, the Court acknowledges that Plaintiff does not require information from the approximately one hundred inmates listed on the roster. Accordingly, the Court will grant Plaintiff's motion in part and deny it in part as set forth below.

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an unredacted copy of the inmate housing roster is GRANTED IN PART AND DENIED IN PART.
2. Within fourteen (14) days, the parties shall meet and confer, and Plaintiff shall then identify up to ten (10) cell numbers for which he desires inmate information.
3. If Plaintiff is unable to so identify the cell numbers, Defendants shall, within fourteen (14) days thereafter, provide Plaintiff with a diagram of the housing unit where Plaintiff may mark the ten (10) cells for which he desires inmate information. Plaintiff's review of the diagram shall take place under the supervision of the Litigation Coordinator at his institution and shall be permitted for no more than thirty (30) minutes. No copies of the cell diagram shall be made or left with Plaintiff.
4. Within fourteen (14) days of Plaintiff identifying the cell numbers, Defendants shall provide Plaintiff with the first initial, last name and CDCR number associated with each individual in an identified cell at the time in question.

5. All disclosures made pursuant to this order are subject to the Court's April 5, 2017 protective order (ECF No. 102), as modified on April 17, 2017 (ECF No. 104).

IT IS SO ORDERED.

Dated: June 23, 2017　　　　　　　　　/s/ *Michael J. Seng*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE