UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUSSAMA SAHIBI,<br><br>  Plaintiff,<br><br>v.<br><br>BORJAS GONZAES, et al.,<br><br>  Defendants. | Case No. 1:15-cv-01581-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART DEFENDANT CROUNSE'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 92)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.      Procedural History**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendants Brandon Cope, Borjas Gonzales, Mario Lozano, Howard Smith, and Stan, and on a Fourteenth Amendment due process claim against Defendant Crounse.

Before the Court is Defendant Crounse's motion for summary judgment. (ECF No. 92.) Plaintiff filed an opposition. (ECF No. 108.) Defendant filed a reply. (ECF No. 111.) The matter is submitted. Local Rule 230(*l*).

**II.     Legal Standard**

The Court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the Court should decide disputed factual questions relevant to exhaustion "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1169-71.

Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1). In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

### III. Plaintiff's Complaint

Plaintiff's claims arise out of a July 13, 2013 incident at California Correctional Institution. Plaintiff claims that, on that date, he was released from his cell for Ramadan services when Defendant Gonzales began to make disparaging remarks toward him. An altercation occurred between Plaintiff and Defendant Gonzales. Plaintiff was subdued and handcuffed. Plaintiff alleges various acts by Defendant Gonzales and others during the encounter were excessive. Based on these allegations, the Court has permitted Plaintiff to proceed on an excessive force claim against Defendants Gonzales, Smith, Cope, Lozano and Stan. Such claim, however, is limited to Defendants' actions after Plaintiff was handcuffed.

1      Plaintiff received a Rules Violation Report ("RVR") in relation to this incident. On
November 14, 2013, he appeared before Defendant Crounse for his disciplinary
hearing. He asked Defendant Crounse to call Defendants Gonzales, Smith, Stan, Cope
and Lozano as witnesses. He alleges Defendant Crounse stated that he would not be
calling anyone "as staff reports gave a full account of the incident." Plaintiff pointed out
that Defendant Gonzales' report was missing and was critical as he was the primary
officer. Plaintiff contends he was ignored and subsequently found guilty without being
afforded a meaningful hearing. The Court has permitted him to proceed on a Fourteenth
Amendment claim against Defendant Crounse based on the denial of his right to call
witnesses at his disciplinary hearing.

**IV.    Analysis**

    **A.    Due Process Claim**

        **1.    Applicable Law Regarding Disciplinary Hearings**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Under the due process clause, minimum procedural protections are required for prison disciplinary proceedings. These include: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some

indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

### 2. Discussion

As a result of the disciplinary hearing at issue here, Plaintiff was assessed a loss of good time credits and received a four-year SHU term. Nevertheless, Defendant contends that Plaintiff was not entitled to the due process protections mandated by Wolff because (1) Plaintiff, as a life prisoner, had no liberty interest in any loss of good time credits, and (2) although Plaintiff received a SHU term as a result of the disciplinary violation, the SHU term was not imposed by Crounse. The Court finds it necessary to address only the second of these contentions.[1]

It is well settled that a prisoner is entitled to the protections articulated in Wolff where the sanction resulting from the disciplinary hearing is segregation in a security housing unit. See Wolff, 418 U.S. at 571, n.19. Defendant does not argue otherwise. Here, it is undisputed that Plaintiff was assessed a SHU term in relation to the disciplinary proceeding conducted by Crounse. (See ECF No. 92-2.) Thus, he was entitled to the Wolff protections. That someone other than Crounse ultimately imposed the SHU term is not relevant to the question of whether Plaintiff was entitled to due process in the disciplinary proceeding. See Wolff, 418 U.S. at 571 n.19 ("[T]here should be minimum procedural safeguards as a hedge against arbitrary determination <u>of the factual predicate for imposition of the sanction</u>." (Emphasis added)).

Crounse cites general case law standing for the proposition that, under section 1983, an individual may be held liable only for his own misconduct, and thus a Plaintiff must link a defendant to a constitutional violation. (ECF No. 92 at 12-13.) Crounse argues that he was not involved in the decision to impose a SHU term, and thus he has

---

[1] As such, the Court also finds it unnecessary to address Defendant Crounse's qualified immunity argument, which is premised only on the revocation of good time credits.

4

not violated Plaintiff's rights. This argument is unavailing. Plaintiff has not sued Defendant Crouse for assessing him a SHU term. Plaintiff has sued Defendant Crouse for denying him due process in relation to his disciplinary hearing. He has adequately linked Defendant Crouse, the hearing officer, to this alleged violation of his due process rights.

Based on the foregoing, the Court concludes that Plaintiff was entitled to due process protections in relation to his disciplinary hearing. Defendant has not presented any argument or evidence to suggest that he was afforded those protections or to controvert the allegations of the complaint. Accordingly, he is not entitled to summary judgment on this claim.

**B.      Relief Sought**

In this action, Plaintiff seeks compensatory damages against Defendant Crouse for "punishment and emotional injuries." (ECF No. 1 at 11.) He also seeks punitive damages in the amount of $15,000.

Defendant Crouse asks the Court to grant summary judgment on Plaintiff's claim for compensatory damages "for the punishment and emotional injuries." This argument is based on 42 U.S.C. § 1997e(e), which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."

Defendant Crouse is correct that, under the plain language of 42 U.S.C. § 1997e(e), Plaintiff cannot maintain a claim for emotional injuries absent physical injury. There is no allegation that Plaintiff suffered a physical injury stemming from the disciplinary proceeding. Thus, summary judgment should be granted in Defendant Crouse's favor on Plaintiff's claim for compensatory damages for emotional injuries.

However, Plaintiff's claim for compensatory damages for "punishment" is less clear. Construing Plaintiff's complaint liberally, as the Court is required to do, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), the complaint may be read to suggest that

Plaintiff seeks damages in relation to his confinement in the SHU. The parties do not address whether any such damages may be available to Plaintiff. Accordingly, Defendant has not shown that he is entitled to summary judgment on this aspect of Plaintiff's claim.

## VI. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Crounse's motion for summary judgment be granted in part and denied in part; and
2. Summary judgment be granted in favor of Defendant Crounse on Plaintiff's claim for compensatory damages for emotional injuries.

The findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with the findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: July 11, 2017      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE