UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUSSAMA SAHIBI,<br><br>    Plaintiff,<br><br>v.<br><br>BORJAS GONZAES, et al.,<br><br>    Defendants. | Case No. 1:15-cv-01581-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT CROUNSE'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF No. 92, 120)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendants Brandon Cope, Borjas Gonzales, Mario Lozano, Howard Smith, and Stan, and on a Fourteenth Amendment due process claim against Defendant Crounse. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On July 11, 2017, the Magistrate Judge issued findings and a recommendation to grant in part and deny in part Defendant Crounse's motion for summary judgment. (ECF No. 92.) Defendant Crounse filed objections. (ECF No. 121.) Plaintiff filed a response. (ECF No. 122.)

Defendant Crounse sought summary judgment on the ground that Plaintiff was not entitled to procedural due process in the context of his disciplinary proceeding. The Magistrate Judge correctly concluded that Plaintiff was so entitled. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Defendant's arguments to the contrary are premised on the legally incorrect hypothesis that Plaintiff was entitled to procedural due process only if Defendant himself imposed the disciplinary SHU term that resulted from the hearing. Defendant presents no legal authority that suggests such a result. Wolff stands to the contrary. This argument is without merit and was correctly denied by the Magistrate Judge.

Defendant Crounse also sought summary judgment on Plaintiff's claim for compensatory damages. The Magistrate Judge correctly concluded that Plaintiff could not seek compensatory damages for mental or emotional injuries, and neither party now disputes this point. However, the Magistrate Judge also concluded that Plaintiff may be able to seek compensatory damages for "punishment" in relation to his confinement in the SHU. (ECF No. 120 at 5-6.) Defendant now argues for the first time that Plaintiff has no evidence of such damages and that his allegations are insufficiently specific to support any concrete loss caused by Defendant's conduct. Because these arguments were not presented in the motion for summary judgment, Plaintiff was never called upon to further support his claim for damages. For this reason, and for the reasons stated below, the Court declines to consider this new argument. Likewise, the Court declines to consider Defendant's argument that Plaintiff has not sufficiently pled a basis for punitive damages, which also was raised for the first time in Defendant's objections.

Defendant's objections additionally raise several new bases for summary judgment on the merits of Plaintiff's claim. Defendant is reminded that the purpose of objections is to identify a specific defect of law or fact in the Magistrate Judge's analysis. See 28 U.S.C. § 636(b)(1). A District Judge has discretion to consider, or to decline to consider new arguments presented for the first time in objections. See Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002). Here, the arguments presented by Defendant

are not merely new arguments in support of a point already raised, but new and distinct points entirely. In effect, Defendant attempts to bring a new motion for summary judgment, based on entirely different grounds, through his objections. Some of these arguments would require Plaintiff to make an evidentiary showing to defeat summary judgment. The Court has determined that these belated arguments are not properly raised; the time for bringing a motion for summary judgment has passed. Defendant is represented by counsel in this action and counsel fails to explain the untimely presentation of her request for summary judgment on these grounds. United States v. Howell, 231 F.3d 615, 623 (9th Cir. 2000). Thus, the Court declines to consider Defendant's additional arguments.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court adopts in full the findings and recommendations filed July 11, 2017 (ECF No. 120);
2. Defendant Crouse's motion for summary judgment (ECF No. 92) is GRANTED IN PART AND DENIED IN PART; and
3. Plaintiff's claim against Defendant Crounse for compensatory damages for mental and emotional injuries is summarily adjudicated in Defendant's favor.

IT IS SO ORDERED.

Dated: **August 18, 2017**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE