UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUSSAMA SAHIBI,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BORJAS GONZALES, et al.,<br><br>　　　　Defendants. | CASE NO. 1:15-cv-01581-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE STATE LAW CLAIMS**<br><br>**(ECF No. 1)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. He has consented to Magistrate Judge jurisdiction. (ECF No. 5.) Defendants have declined to consent to Magistrate Judge jurisdiction. (ECF Nos. 20, 25.)

On February 10, 2015, the then-assigned Magistrate Judge screened Plaintiff's complaint and concluded that it states a cognizable Eighth Amendment excessive force claim against Defendants Brandon Cope, Borjas Gonzales, Mario Lozano, Howard Smith, and Stan, and a Fourteenth Amendment due process claim against Defendant Crounse. Plaintiff's state law claims were found non-cognizable. (ECF No. 6.) Plaintiff was given the opportunity to file an amended complaint or proceed only on the

cognizable claim. (Id.) Plaintiff chose to proceed (ECF No. 8), and the Magistrate Judge dismissed the state law claims for failure to state a claim (ECF No. 9).

The matter since has proceed through discovery, a motion for judgment on the pleadings, a motion for summary judgment for failure to exhaust as to Defendant Crounse, a motion for summary judgment on the merits as to Defendant Crounse, and an unsuccessful settlement conference. It presently is set for a trial on June 26, 2018. (ECF No. 73.)

**I.     Williams v. King**

Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence[.]" Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil claim. Williams v. King, 875 F.3d 500 (9th Cir. 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a claim with prejudice during screening even if the plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendants were not yet served at the time that the Court screened the complaint and they therefore had not appeared or consented to Magistrate Judge jurisdiction. Because the Defendants had not consented, the Magistrate Judge's dismissal of Plaintiff's claims is invalid under Williams. Because the undersigned nevertheless agrees with the analysis in the screening order, he will below recommend to the District Judge that the non-cognizable state law claims be dismissed.

**II.     Findings and Recommendations on Complaint**

    **A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are

3

accepted as true, legal conclusions are not. Id. at 677-78.

   **C.    Plaintiff's Allegations**

Plaintiff complains of acts that occurred at Kern Valley State Prison ("KVSP") and California Correctional Institution ("CCI").

Plaintiff is a practicing Muslim and was observing Ramadan in July 2013.

On July 9, 2013, Defendant Gonzales stopped at Plaintiff's cell and asked if he would be eating dinner. Plaintiff said that he was fasting for Ramadan. Defendant Gonzales asked him if he was serious, and if he was "some kind of towelhead or something." ECF No. 1, at 6. Plaintiff ignored the comment.

On July 12, 2013, Defendant Gonzales stopped at Plaintiff's cell again and asked if he was still fasting. Plaintiff said that he was, and Defendant Gonzales laughed and repeated his 'towelhead' comment. Plaintiff asked him to keep his racist comments to himself, or he'd file a staff complaint. Defendant Gonzales became angry and said, "You're not going to do shit you fucking terrorist. Nobody cares about a staff complaint." ECF No. 1, at 6.

On July 13, 2013, Plaintiff's cell was skipped when inmates were being released for Ramadan services. Plaintiff yelled out to the control booth officer that he had been skipped. Plaintiff saw that Defendant Gonzales was in the control booth, laughing with the control booth officer. The control booth officer implied that Defendant Gonzales was responsible for not releasing Plaintiff.

Plaintiff was released ten minutes later. Defendant Gonzales opened the control booth window and yelled, "Why you crying for towelhead?" ECF No. 1, at 6. Plaintiff said that he would be filing a staff complaint and exited the building.

As he exited and headed towards the chapel, Defendant Gonzales and his partner, Officer Perez, came down from the control booth. Defendant Gonzales ordered Plaintiff to stop and get his "terrorist ass" back and say that to his face. ECF No. 1, at 7.

Plaintiff placed his hands on the wall in an attempt to diffuse the situation, as Defendant Gonzales was becoming aggressive. Defendant Gonzales ordered Plaintiff to put his arms behind his back. When Plaintiff did so, Defendant Gonzales yanked it up and forcefully shoved Plaintiff's face into the wall. Plaintiff turned around and began to physically defend himself.

Plaintiff was immediately subdued by Officers Dewery, Gonzales and Perez. He was repeatedly hit in the face, pepper-sprayed, tackled to the ground and placed in handcuffs.

While Plaintiff was face down on the ground and in handcuffs, Defendant Gonzales and other officers held Plaintiff down while Defendant Smith began striking Plaintiff with his baton, ultimately breaking his left leg.

Plaintiff was then placed in leg restraints, turned onto his back and held down while Defendant Gonzales beat and punched Plaintiff into "momentary unconsciousness." ECF No. 1, at 7.

Plaintiff was forced up onto his feet while he screamed that he leg was broken and that he could not walk. Officer Diaz said, "well, we'll drag your ass, then." ECF No. 1, at 8. Plaintiff was ultimately dragged one hundred yards and denied immediate medical treatment. He was told he had to be cleared by the IGI unit first.

Defendants Stan, Lozano and Cope arrived with a wheelchair, and restrained Plaintiff and placed him in it. They took Plaintiff to a back room, and as soon as the door closed, Defendant Stan began striking Plaintiff in the back of his head and ear while Defendants Lozano and Cope punched him in the face. Plaintiff was knocked unconscious and needed stiches. Defendant Stan told Plaintiff, "you bleed like a bitch." ECF No. 1, at 8.

After the beating, Defendant Cope told Plaintiff that they were going to do a video interview. He threatened Plaintiff not to say "shit" or they'd come find him, validate him, and make his life a living hell. ECF No. 1, at 8.

Sometime later, Plaintiff received medical treatment and was taken by ambulance to the Delano Regional Medical Center. He received stitches on his face and had an x-ray that revealed a broken left fibula that was protruding through his skin.

On July 15, 2013, Plaintiff underwent surgery to repair his leg at San Joaquin Community Hospital.

On July 22, 2013, upon returning from the hospital, Plaintiff was placed in Ad-Seg. He was served with a Rules Violation Report for assaulting staff.

On August 27, 2013, Plaintiff was transferred to CCI Ad-Seg without a disciplinary hearing.

On November 14, 2013, Plaintiff appeared before Defendant Crounse for his disciplinary hearing. He asked Defendant Crounse to call Defendants Gonzales, Smith, Stan, Cope and Lozano. Defendant Crounse told Plaintiff that he would not be calling anyone, "as staff reports gave a full account of the incident." ECF No. 1, at 9. Plaintiff pointed out that Defendant Gonzales' report was missing, which was critical as he was the primary officer. Plaintiff was ignored and subsequently found guilty without being afforded a meaningful hearing.

Based on these facts, Plaintiff alleges a violation of the Eighth and Fourteenth Amendments, as well as assault and battery under California law.

**D.    Analysis**

**1.    Eighth Amendment- Excessive Force**

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir.

2013).  The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency, Hudson, 503 U.S. at 8 (quotation marks and citation omitted), and although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident, Wilkins, 559 U.S. at 37-8, 130 S.Ct. at 1178 (citing Hudson, 503 U.S. at 9-10) (quotation marks omitted); Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002).

Plaintiff states an Eighth Amendment claim against Defendants Gonzales, Smith, Cope, Lozano and Stan based on events occurring after Plaintiff was placed in handcuffs.

## 2. Fourteenth Amendment- Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974).  With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex.  Id. at 563-71.  As long as the five minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

Plaintiff states a due process claim against Defendant Crounse based on the denial of his right to call witnesses at his disciplinary hearing.

### 3. State Law Claim- Assault and Battery

The Government Claims Act ("Act") requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural requirement of the Act, but is an element of a plaintiff's cause of action. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. Id.

Here, although Plaintiff alleges that he filed staff complaints and an appeal related to his disciplinary hearing, he does not allege compliance with the Act. While he may ultimately be able to state an assault and battery claim, he must affirmatively allege compliance with the Act before he can proceed.

Plaintiff therefore fails to state a claim for assault and battery.

### III. Conclusion and Recommendation

In sum, Plaintiff's complaint states a cognizable Eighth Amendment excessive force claim against Defendants Brandon Cope, Borjas Gonzales, Mario Lozano, Howard Smith, and Stan, and a Fourteenth Amendment due process claim against Defendant Crounse. The matter should continue to proceed only on these claims.

Plaintiff's state law claims are not cognizable as pled. Plaintiff was afforded the opportunity to amend these claims to cure noted defects, but he declined. Therefore, it is HEREBY RECOMMENDED that the state law claims be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendations, the parties may file written objections with the Court. The document

should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: December 1, 2017     /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE