UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUSSAMA SAHIBI,<br><br>Plaintiff,<br><br>v.<br><br>BORJAS GONZALES, et al.,<br><br>Defendants. | CASE NO. 1:15-cv-01581-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS**<br><br>**(ECF No. 132)** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 10, 2015, the then-assigned Magistrate Judge screened Plaintiff's complaint and concluded that it states a cognizable Eighth Amendment excessive force claim against Defendants Brandon Cope, Borjas Gonzales, Mario Lozano, Howard Smith, and Stan, and a Fourteenth Amendment due process claim against Defendant Crounse. Plaintiff's state law claims were found non-cognizable. (ECF No. 6.) Plaintiff was given the opportunity to file an amended complaint or proceed only on the

cognizable claim. (Id.) Plaintiff chose to proceed (ECF No. 8), and the Magistrate Judge dismissed the state law claims for failure to state a claim (ECF No. 9).

The matter since has proceed through discovery, a motion for judgment on the pleadings, a motion for summary judgment for failure to exhaust as to Defendant Crounse, a motion for summary judgment on the merits as to Defendant Crounse, and an unsuccessful settlement conference. It presently is set for a trial on June 26, 2018. (ECF No. 73.)

On December 4, 2017, the Magistrate Judge re-screened Plaintiff's complaint, recognizing that a recent Ninth Circuit opinion, Williams v. King, 875 F.3d 500 (9th Cir. 2017), held that a magistrate judge does not have jurisdiction to dismiss claims with prejudice in screening prisoner complaints absent the consent of all parties, even if the plaintiff has consented to magistrate judge jurisdiction, as plaintiff had here. (ECF No. 132.) Concurrently, the magistrate judge issued findings and recommendations recommending that the undersigned dismiss the non-cognizable claims. (Id.) The parties were given fourteen days to file objections to those findings and recommendations. No objections were filed, and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court has conducted a de novo review of Plaintiff's case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, it is HEREBY ORDERED that:

1. The findings and recommendations issued December 4, 2017 are adopted in full;
2. The action shall continue to proceed only on an Eighth Amendment excessive force claim against Defendants Brandon Cope, Borjas Gonzales, Mario Lozano, Howard Smith, and Stan; and a Fourteenth Amendment due process claim against Defendant Crounse;

3. Plaintiff's state law claims are dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

Dated: **January 4, 2018**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE