UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUSSAMA SAHIBI,<br><br>    Plaintiff,<br><br>v.<br><br>BORJAS GONZALES, et al.,<br><br>    Defendants. | CASE NO. 1:15-cv-01581-LJO-MJS (PC)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES**<br><br>**(ECF No. 140)**<br><br>**APRIL 26, 2018 DEADLINE FOR SUBMISSION OF MONEY ORDERS** |

**I.   Introduction**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendants Cope, Gonzales, Lozano, Smith, and Stane, and on a Fourteenth Amendment due process claim against Defendant Crounse.

Before the Court is Plaintiff's March 26, 2018 motion for the attendance of incarcerated witnesses at trial. (ECF No. 140.) Therein, he also provides information regarding two unincarcerated witnesses he wishes to subpoena. Defendants oppose the motion. (ECF Nos. 144-45.) The matter stands ready for adjudication.

## II. Incarcerated Witnesses

Plaintiff seeks the attendance of twelve inmate witnesses at trial. Two of the witnesses, Juan Gonzales and Juan Valdez, are reported to have seen some or all of the use-of-force incident at issue here. Six of the remaining witnesses, Jacob Lopez, Thomas Wichelman, Zeke Prado, B. Henry, R. Pugh, and H. Young, are expected to testify regarding distribution of Ramadan meals and release for Ramadan services, events which preceded the alleged use of excessive force. Jamie Gonzalez is expected to testify generally regarding patterns of abuse and hostility that inmates endured from officers at Kern Valley State Prison during this period. Ronnie Dewberry is expected to testify regarding the reasons Plaintiff and others were engaged in a hunger strike and the resulting action taken by CDCR. George Hamilton is expected to testify regarding harassment and discrimination faced by inmates during this period. Juan James is expected to testify regarding his own experience being assaulted by staff in an unrelated incident.

### A. Legal Standard

The Court has discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the case. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

### B. Discussion

#### 1. Juan Gonzales

According to Plaintiff, this witness saw Plaintiff being assaulted after Plaintiff had already been subdued. Plaintiff states the witness previously informed Plaintiff that he was willing to testify.

Plaintiff has not submitted a declaration from Inmate Gonzales stating he is willing to testify, as previously ordered by the Court. Nonetheless, the Court has discretion to grant the motion if the witness has relevant information and his presence will

substantially further the resolution of the case. <u>Wiggins</u>, 717 F.2d at 468 n.1. Plaintiff's failure in this regard is not dispositive.

Plaintiff also has not submitted a declaration from Inmate Gonzales showing that he has first-hand knowledge of the events at issue, as ordered by the Court. Instead, Plaintiff submits an investigatory report prepared by the Office of the Public Defender for the County of Kern, prepared during Plaintiff's criminal prosecution arising out of the incident at issue here. Therein, Inmate Gonzales is reported to have seen "a bunch of officers on top of an inmate putting their hands on him." He is reported to have seen the beginning of the incident.

The Court finds that this information provides a sufficient basis to conclude that the witness has first-hand information regarding the incident and that his presence will further resolution of the case. This is one of only two witnesses who appear to have any meaningful information to corroborate Plaintiff's claims.

This contrasts with Defendants', proposal to present at least twenty percipient witnesses in addition to the defendants themselves.

Defendants present an array of unpersuasive arguments why the motion should not be granted. Defendants Crounse and Smith contend that the Court cannot consider the investigatory report because it unauthenticated and contains hearsay. This argument is meritless. The report is not being offered into evidence.

All Defendants point out that Plaintiff's claim is limited to the time period after he was subdued by officers. Claims regarding the use of force prior to Plaintiff being subdued are not cognizable in this action. (<u>See</u> ECF Nos. 48, 55 132, 135.) The question then, is whether Inmate Gonzales has any first-hand knowledge regarding the period after Plaintiff was subdued. In this regard, Defendants over-emphasize the statement in the investigatory report that Inmate Gonzales saw the beginning of the incident. The report does not state that he <u>only</u> saw the beginning of the incident.

Instead, it states that he saw the beginning of the incident, was at some point apprehended by officers, and was then escorted past the incident site.

Additionally, the issue of when Plaintiff was subdued and when force was used is a matter of dispute in this action. Defendants of course argue that no force was used after Plaintiff was subdued. Plaintiff argues that substantial force was used after he was subdued. Given this dispute, the Court cannot determine that any representations regarding Inmate Gonzales seeing the "beginning" of the incident necessarily reflect that he saw nothing after Plaintiff was subdued.

Defendants Crounse and Smith appear to argue that officers put their hands on Plaintiff to assist him up from the ground after he was subdued. Accordingly, they argue, Gonzales's statement that he saw "a bunch of officers on top of an inmate putting their hands on him" may mean only that he saw the officers assisting Plaintiff. Plaintiff of course disputes this version of the facts and the resolution of that dispute will be for the trier of fact. In any event, the argument is so disingenuous as not to warrant further comment..

Defendants argue that Plaintiff has not provided Inmate Gonzales's location. His location is readily ascertainable by way of his CDCR number. This failing is not an absolute bar to bringing him to trial.

In deciding whether to require an inmate's presence at trial, the Court may consider the security risks presented by the inmate's presence, the expense of transportation and security, and whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Defendants present no argument on any of these points. The Court therefore has no basis to conclude that any of these points weigh against requiring the witness's presence.

The Court will grant the motion as to Inmate Gonzales.

### 2. Juan Valdez

As with Inmate Gonzales, Plaintiff states that this witness saw Plaintiff being assaulted after Plaintiff had already been subdued. Plaintiff states the witness previously informed Plaintiff that he was willing to testify. He does not present a declaration from Inmate Valdez. Instead, he again provides an investigatory report from the Public Defender's office. The investigatory report regarding Valdez states only that Valdez saw a bunch of officers gang up on an inmate and was not sure who the inmate was.

The Court acknowledges that the report reflects that Inmate Valdez's knowledge of the incident may be limited. At the same time, however, it is apparent that he is a percipient witness and he may well be able to offer relevant testimony. His presence may substantially further resolution of the case. Accordingly, the motion as to this witness will be granted.

### 3. Lopez, Wichelman, Prado, Henry, Pugh, and Young

These witnesses are expected to testify regarding distribution of meals and release for Ramadan services. Plaintiff has, in the past, disputed certain facts presented by Defendants regarding distribution of meals on the date in question. Plaintiff also claims that Defendant Gonzales made disparaging remarks when Plaintiff was released from his cell for Ramadan services. The use-of-force incident at issue here occurred shortly thereafter. In short, the testimony from these witnesses is expected to explain the events that gave rise to the altercation between Plaintiff and Defendant Gonzales.

As Plaintiff previously was advised, evidence regarding Ramadan meals and Ramadan services (events which preceded the use of force in this case) is not relevant to any fact of consequence in this action. Although Plaintiff contends that the events at issue here were precipitated by derogatory remarks made by Defendant Gonzalez regarding Plaintiff's religious practice, the veracity of Plaintiff's faith is not a material dispute. Whether Plaintiff intended to attend Ramadan services is not dispositive of his claim. Whether Plaintiff accepted a meal or was instead on a hunger strike is not

5

dispositive of his claim. Even assuming the testimony of these witnesses has some minimal relevance, the witnesses' presence would not substantially further the resolution of the case.

Furthermore, to the extent Plaintiff claims Gonzalez knew Plaintiff was scheduled to attend Ramadan services, and to the extent such claim is relevant, Plaintiff may be permitted to question Defendant directly on this matter at trial. Furthermore, Plaintiff himself may testify, to the extent permitted by the trial judge, regarding his own conduct on the date in question.

Accordingly, the Court will deny Plaintiff's request to bring these inmate witnesses to trial.

### 4. Jamie Gonzalez and George Hamilton

These witnesses are expected to testify regarding general prison hostilities, discrimination, and retaliation. They are not eye or ear witnesses to the incident at issue.

The witnesses are unable to testify as to any of the facts at issue in this action. Additionally, although the contours of the proposed witnesses' testimony are not entirely clear, the testimony likely will be inadmissible under Federal Rules of Evidence 404(a)(1) (impermissible character evidence) and 403 (probative value outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence).

The witnesses' presence would not substantially further the resolution of the case. Plaintiff's request as to these witnesses will be denied.

### 5. Ronnie Dewberry

This witness is expected to testify to the reasons Plaintiff and others were on a hunger strike. To the extent such testimony is admissible, Plaintiff himself may offer such testimony. The witness also is expected to testify regarding CDCR's response to the strike. However, CDCR is not a party to this action. There is no suggestion that this witness has information relevant to the underlying use-of-force incident in this case.

The witness's presence would not substantially further the resolution of the case. Plaintiff's request as to this witness will be denied.

### 6. Juan James

This witness is expected to testify to a separate and unrelated use-of-force incident. He has no information relevant to the incident at issue here. This witness's presence would not substantially further the resolution of the case. Plaintiff's request as to this witness will be denied.

## III. Unincarcerated Witneses

Plaintiff seeks to subpoena two unincarcerated witnesses for trial. As Plaintiff previously was advised (ECF No. 74), he must deposit fees for the witnesses in advance of the issuance of a subpoena. The fee that must be deposited is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821. The Court cannot waive these fees, even though Plaintiff is proceeding in forma pauperis.

Plaintiff seeks to subpoena Dr. Clement Alade, whose address he lists as San Joaquin Community Hospital, 2715 Chester Ave., Bakersfield, CA 93301. The round trip mileage from San Joaquin Community Hospital to the United States District Court in Fresno, CA is 216 miles and the mileage rate is 54.5 cents per mile. Accordingly, the total mileage fee for this witness is $117.72. The witness also is entitled to a $40.00 daily witness fee. Therefore, Plaintiff must submit a money order in the amount of $157.72 payable to Dr. Clement Alade before this witness may be subpoenaed for trial.

Plaintiff also seeks to subpoena Dr. Akanno, whose address he lists as Kern Valley State Prison, 3000 W. Cecil Ave., Delano, CA 93215. The round trip mileage from Kern Valley State Prison to the United States District Court in Fresno, CA is 162 miles. Accordingly, the total mileage fee for this witness is $88.07. The witness also is entitled to a $40.00 daily witness fee. Therefore, Plaintiff must submit a money order in the amount of $128.07 payable to Dr. Akanno before this witness may be subpoenaed for trial.

If Plaintiff fails to submit the required money orders, no subpoena will issue and these witnesses will not be served by the United States Marshal. The Court previously imposed an April 19, 2018 deadline for submitting the money orders. However, because Plaintiff's deadline for submitting his motion previously was extended, the Court will extend Plaintiff's deadline for submitting the money orders to **April 26, 2018.**

IV. **Conclusion**

Based on the foregoing, Plaintiff has made a sufficient showing to warrant making inmates Juan Gonzales and Juan Valdez available to testify at trial. Accordingly, his motion for the attendance of incarcerated witnesses is HEREBY GRANTED in part. At the appropriate time, the Court will issue a separate writ of habeas corpus ad testificandum to secure Mr. Gonzales's and Mr. Valdez's attendance. In all other respects, the motion is denied.

Additionally, if Plaintiff wishes to subpoena unincarcerated witnesses, he must submit money orders in the amounts stated above on or before April 26, 2018.

IT IS SO ORDERED.

Dated: April 15, 2018         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE