# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OUSSAMA SAHIBI,<br><br>        Plaintiff,<br><br>        v.<br><br>BORJAS GONZALES, et al.,<br><br>        Defendants. | 1:15-cv-01581-LJO-MJS (PC)<br><br>**ORDER AMENDING APRIL 15, 2018 ORDER RE ATTENDANCE OF INCARCERATED WITNESSES (ECF NO. 147)** |

    On April 15, 2018, the Court issued an order granting in part Plaintiff's motion for attendance of incarcerated witnesses. ECF No. 147 (filed April 16, 2018). Plaintiff's request was granted as to Inmates Juan Gonzales and Juan Valdez, but denied as to Inmates Lopez, Wichelman, Prado, Henry, Pugh, Young, Jamie Gonzalez, Hamilton, Dewberry, and James (spelled elsewhere in the record as "Jaimes"). *Id*. On April 23, 2018, the Court received Plaintiffs' reply re his underlying request for attendance of incarcerated witnesses. ECF No. 149. Construing this filing as a motion for reconsideration, the Court hereby AMENDS its April 15, 2018 order as to Inmate Jacob Lopez.

    It is alleged in this case that at least one Defendant directed racial/religious slurs at Plaintiff on several occasions prior to the altercation that eventually led to the events that form the basis of this lawsuit. ECF No. 1 at 6-7. At a preliminary hearing related to the altercation, Defendant Gonzalez apparently testified that the altercation occurred when Plaintiff tried to take an extra meal tray. ECF No. Doc. 149 at 3. Plaintiff indicates that inmate Jacob Lopez was his cellmate on the date of the incident and that inmate Lopez will testify that Defendant Gonzalez did not give them <u>any</u> dinner trays, so Plaintiff could not have possibly tried to take more than one dinner tray. ECF No. 140, at 2. Inmate

1

Lopez will also testify about the racial slurs Defendant Gonzalez made toward Plaintiff prior to the incident. *Id*. To the extent that Defendant Gonzalez's testifies about the events leading up to the incident, inmate Lopez's testimony is relevant. Inmate Lopez's testimony also is relevant as to Defendant Gonzalez's motivating racial/religious animus.[1]

Plaintiff's reply brief also added a request to call another witness (Inmate Walker) who previously filed an excessive force complaint against Defendant Lozano. *See* ECF No. 149 at 5, 14. This request is untimely under the case schedule, as requests for the appearance of incarcerated witnesses were due in late March 2018. *See* ECF No. 137 (request for extension re Plaintiff's pretrial statement and incarcerated witness requests); ECF No. 138 (granting same). Plaintiff has offered no excuse for the untimeliness. Further, Plaintiff fails to show that evidence pertaining to inmate Walker's prior experience with Defendant Lozano would present admissible evidence relevant to the events at issue in this action or that inmate Walker otherwise has actual knowledge of relevant facts that are at issue in this action. The request regarding inmate Walker is therefore DENIED.

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court's April 15, 2018 Order is AMENDED to GRANT Plaintiff's motion for the attendance of incarcerated witness Jacob Lopez. Plaintiff's new request for the attendance of inmate Walker is DENIED.

IT IS SO ORDERED.

Dated: __May 1, 2018__     _____/s/ Lawrence J. O'Neill_____
                                    UNITED STATES CHIEF DISTRICT JUDGE

---

[1] The Court does not modify its decision to deny Plaintiff's request for the appearance of Inmate Wichelman, who would add little to the picture. According to Plaintiff, inmate Wichelman, as porter for their building, would testify that Plaintiff's tray slot was not open on the day in question, so Defendant Gonzalez and could have given Plaintiff any dinner trays. Likewise, the Court does not modify its prior ruling as to any other inmate.